*I* The COMMONWEALTH, for the use of HASSINGER'S Administrators, *against* GLEIM and others.

It is not necessary that a judgment should be revived in order to maintain its lien on money in the sheriff's hands.

APPEAL from the Circuit Court of *Dauphin* county. It was a suit on a recognizance, dated the 16th of October, 1821, executed by the sheriff, *Christian Gleim,* with *Obed Fahnestock, Isaac Smith, John Zearing, George Eickholtz,* as his sureties. The plaintiff and several others had obtained judgments against *Ulrich Share,* on the 17th of July, 1817, and on the 14th of October, 1826, they brought suit against the sheriff and his sureties, and claimed the entire fund arising from the sale of *Share's* real estate to be divided *pro rata* among them, to the exclusion of other judgments entered on the same day, (17th July, 1817) which had not been revived, and the plaintiffs in which, had not proceeded against the sheriff or his sureties, or made any claim to this money.

The Circuit Court decided that as well the latter as the former judgment creditors whose judgments had been entered on the same day, came in upon the fund for distribution *pro rata,* and the plaintiff appealed.

*Elder,* for the appellant,

*Harris and M'Cormick, contra.*

PER CURIAM.—It never has been supposed that a judgment must be revived in order to maintain its lien on money in the sheriff's hands; and what else does the case present? A judgment creditor claims to recover money in the sheriff's hands which, at least, *was* the property of the other judgment creditors, and this on the ground that they have not appeared to demand it. What right does that give him to demand it? It cannot be supposed that they have relinquished their right to it, in order to swell the fund for the benefit of the other creditors. The right to this part of it is a matter between them and the sheriff or his sureties, who are liable to them, with which the plaintiff has nothing to do; and we are satisfied that he has received ample justice in the judgment rendered for him.

Judgment affirmed.